**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| Tudor Chirila, Administrator, THE ESTATE OF HOW TZU HUANG,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; DOES I through V; and ROE ENTITIES I through X, jointly and severally,<br><br>    Defendants. | 3:11-cv-00005-ECR-WGC<br><br>**Order** |

This case arises out of a foreclosure on and damage to a residence following a homeowner's death. Now pending before the court are Plaintiff's motion (#13) for leave to file an amended complaint and Defendants' motion (#14) for summary judgment.

### I. Factual Background

Prior to her death on December 23, 2008, decedent How Tzu Huang ("Huang") obtained a mortgage from Defendant Bank of America, N.A. ("Bank of America") on her home, the real property located at 4832 Meadow Springs Dr., Reno, NV 89509, APN Number 023-173-08. (Compl. ¶¶ 10-12 (#1 Ex. A).)

1   Huang passed away while taking a shower in an upstairs
2 bathroom, resulting in extensive water damage to the property.  (Id.
3 ¶¶ 13-14.)  The administrator of Huang's estate, Tudor Chirila (the
4 "administrator"), obtained several checks for the property damage
5 from the insurer of the property (the "insurance checks") that were
6 made out to both Defendant Bank of America and the administrator.
7 (Id. ¶¶ 19-20.)  In order to be negotiated, the insurance checks
8 required Defendant Bank of America's endorsement.  (Id. ¶ 20.)
9 However, Defendant Bank of America has refused to endorse the
10 insurance checks or allow their deposit into the estate's account.
11 (Id. ¶ 21.)  Plaintiff has since been unable to repair the property,
12 sell the property, or pay the mortgage.  (Id. ¶ 22.)
13   Some time after Huang's death, one of her relatives entered her
14 home and took her checkbook for her account with Defendant Bank of
15 America and negotiated several checks in an amount in excess of
16 $10,000 (the "forged checks").  (Id. ¶ 15.)  Defendant Bank of
17 America cashed the forged checks and the relative fled the country.
18 (Id. ¶¶ 16-17.)

## II. Procedural Background

21   Plaintiff filed a complaint (#1 Ex. A) in the Second Judicial
22 District Court of the State of Nevada in and for the County of
23 Washoe (the "State Court") on December 1, 2010.  On December 15,
24 2010, the State Court issued a preliminary injunction enjoining
25 Defendants from commencing a trustee's sale or foreclosure on the
26 subject property.  (#4 Ex. 1.)  The State Court further ordered (#4

2

Ex. 1) Defendant Bank of America to endorse the insurance checks and deposit the funds in the estate's account.

On January 3, 2011, Defendants removed the case to the United States District Court for the District of Nevada via a petition (#1) for removal.  On January 11, 2011, Defendants moved (#5) to dismiss the complaint (#1 Ex. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court summarily granted (#12) the motion on February 15, 2011 with leave to file a renewed motion to file an amended complaint.  On March 1, 2011, Plaintiff filed its motion (#13) to amend the complaint.  Defendants responded (#14) on March 18, 2011, and Plaintiff replied (#15) on March 29, 2011.

Along with their March 18 response (#14), Defendants filed a motion (#14) for summary judgment, despite the fact that the only operative complaint in the case had been dismissed.  Plaintiff responded (#16) and Defendant replied (#18).

### III. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires."  In general, amendment should be allowed with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  The futility analysis determines

3

whether the proposed amendment would survive a motion to dismiss pursuant to Rule 12(b)(6).  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

## IV. Discussion

Plaintiff's proposed amended complaint (#13 Ex. 1) alleges five causes of action for (1) wrongful foreclosure; (2) wrongful payment of checks with forged instrument; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) unauthorized debt collection.

The Court finds that amendment to allow Plaintiff's first cause of action for wrongful foreclosure would be futile.  Plaintiffs have failed to state a claim for wrongful foreclosure because a claim for wrongful foreclosure does not arise until the power of sale is exercised.  <u>Collins v. Union Fed. Sav. & Loan Ass'n</u>, 662 P.2d 610, 623 (Nev. 1983).  As the property has not yet been sold (<u>see</u> Pl.'s Mot. Leave File Am. Compl. at 3-4 (#13)), Plaintiff's claim for wrongful foreclosure is not actionable.  Accordingly, Plaintiff will be denied leave to amend the complaint to include a cause of action for wrongful foreclosure.

In opposing Plaintiffs' motion (#13) for leave to file an amended complaint, Defendants argue that allowing Plaintiff to plead an additional claim for unauthorized debt collection would be futile.  Liability under Chapter 649 of the Nevada Revised Statutes is premised on liability under the federal Fair Debt Collection Practices Act ("FDCPA").  Nev. Rev. Stat. § 649.370.  At the threshold, Plaintiff must establish that Defendants are debt

4

collectors within the meaning of the FDCPA.  The FDCPA definition of "debt collector" excludes any person who collects a debt "to the extent such activity . . . concerns a debt which is not in default at the time it is obtained by such person."  15 U.S.C. § 1692a(6)(F).  The legislative history of section 1692(a)(6) confirms that a "debt collector" does not include "the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  Croce v. Trinity Mortg. Assur. Corp., No. 2:08-CV-01612, 2009 WL 3172110, at *2 (D. Nev. Sept. 28, 2009) (citing S.Rep. No. 95-382, at 3 (1977)).  Furthermore, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA.  Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502 at *5 (D. Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-CV-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  For these reasons, the FDCPA and the corresponding Nevada debt collection statutes do not apply to Defendants.  Plaintiff will therefore be denied the opportunity to include a claim for unauthorized debt collection due to futility.

### **V. Conclusion**

Plaintiff's proposed amended complaint (#13 Ex. 1) contains five causes of action.  The Court finds that amendment to include the first claim for wrongful foreclosure and the fifth claim for unauthorized debt collection would be futile.  However, the rest of

5

the claims may proceed.  Furthermore, Defendants filed their motion (#14) for summary judgment based on the proposed amended complaint. As there is as yet no operative complaint in this action, it is inappropriate to rule on a motion for summary judgment at this time.

Further, the status of the State Court order (#4 Ex. 1) entered on December 15, 2010 granting the preliminary injunction enjoining foreclosure and ordering Defendant Bank of America to endorse the insurance checks remains uncertain.  Even though the action has been removed here, this Court emphasizes that the State Court order remains in full force and effect.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#13) to amend the complaint will be **DENIED** with prejudice as to Plaintiff's first and fifth proposed causes of action and **GRANTED** as to Plaintiff's second, third, and fourth proposed causes of action. Plaintiff will have fourteen (14) days to submit an amended complaint.

**IT IS FURTHER ORDERED** that Defendants' motion (#14) for summary judgment will be **DENIED** without prejudice.  Defendants may renew their motion after Plaintiff files an amended complaint.

**IT IS FURTHER ORDERED** that the parties shall have twenty-one (21) days within which to file a contemporaneous points and authorities regarding the status of the State Court order (#4 Ex. 1).  The respective parties shall have fourteen (14) days thereafter

6

1  to respond to the points and authorities of respective opposing
2  counsel.

5  DATED: October 13, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE